IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ANTONIO CABALLERO,<br><br>      Plaintiff,<br><br>vs.<br><br>FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA, a/k/a FARC-EP a/k/a REVOLUTIONARY ARMED FORCES OF COLOMBIA; EJERCITO DE LIBERACION NACIONAL a/k/a ELN a/k/a NATIONAL LIBERATION ARMY; and THE NORTE DE VALLE CARTEL,<br><br>      Defendants. | CASE NO. 3:20-cv-4485-MGL |

**PETROLEOS DE VENEZUELA, S.A.'S LIMITED MOTION
TO INTERVENE AND MEMORANDUM OF LAW IN SUPPORT**

  Pursuant to Federal Rule of Civil Procedure 24(a)(2), Petroleos de Venezuela, S.A. ("PDVSA"), files this limited motion to intervene as a defendant in this matter and its accompanying memorandum of law in support. As set forth below, the Court should grant PDVSA's Motion because it satisfies the requirements of Rule 24(a)(2) and because the Court should not allow the Writ of Garnishment to proceed without providing PDVSA an opportunity to rebut the perfunctory finding that PDVSA is an "agent or instrumentality" of FARC. *See Stansell v. Revolutionary Armed Forces of Columbia (FARC)*, 771 F.3d 713, 727 (11th Cir. 2014).

**INTRODUCTION**

  Plaintiff obtained default judgments in Florida state court in 2014 and Florida federal court in 2020 against the above-named Defendants in the underlying lawsuit. PDVSA was not named as a defendant in either action and is not alleged to have any connection to the underlying facts giving

rise to the judgments against Defendants. Nevertheless, Plaintiff now seeks to collect on his federal court judgment against PDVSA's blocked U.S. assets.

Plaintiff's attorneys have known since 2019 that Marcos D. Jiménez, P.A. and León Cosgrove, LLP represent PDVSA in connection with Plaintiff's collection efforts; however, Plaintiff never made any attempt to provide notice to PDVSA'S counsel of Plaintiff's enforcement actions. Instead, Plaintiff has hidden behind the Terrorism Risk Insurance Act of 2002 ("TRIA") while he has filed *ex parte* motions and writs of garnishment around the country attempting to seize blocked assets that Plaintiff purports are owned by PDVSA and PDVSA's subsidiaries. Plaintiff has done this without providing PDVSA notice and an opportunity to defend against Plaintiff's false and unproven allegations that PDVSA is an "agency or instrumentality" of the Fuerzas Armadas Revolucionarias de Colombia ("FARC"), one of the defendants and judgment debtors.

PDVSA seeks to intervene in this matter for the limited purposes of (1) moving for dissolution of the writ of garnishment[1] and (2) moving to set aside the State Court's November 23, 2020 Order finding that PDVSA is an agency or instrumentality of the FARC.

## BACKGROUND

1. **Plaintiff's underlying Florida state and federal court actions against Defendants.**

Plaintiff Antonio Caballero ("Plaintiff") initially brought a state court action against the FARC, the Ejercito de Liberacion Nacional ("ELN"), and the Norte del Valle Cartel

---

[1] In seeking limited intervention, PDVSA does not waive and specifically reserves all jurisdictional defenses, and reserves the right, if necessary, to defend against Plaintiff's claims on the merits. *See, e.g., Pescatore v. Palmera Pineda*, No. 08-2245 (RMC), 2019 WL 2173835, at *3-4 (D.D.C. May 20, 2019) (allowing alleged agents or instrumentalities of the FARC to intervene in the TRIA enforcement action to defend against execution while specifically preserving their right to raise defenses of jurisdiction and venue).

2

("NDVC") in Miami-Dade County, Florida, *Caballero v. Fuerzas Armadas Revolucionarias De Columbia, et al.*, CA. No. 12-48803-CA-02. Plaintiff purported to effectuate service of process on the defendants through individuals imprisoned in the United States. On December 12, 2013, after none of the defendants appeared, the Florida state court issued a default against all the defendants. On November 18, 2014, after a trial on damages during which none of the defendants appeared or presented opposition, Plaintiff obtained a default judgment against the defendants, in the sum of (i) $45,000,000.00, representing non-economic compensatory damages, with interest at 4.75% a year; (ii) $6,244,484.56, representing compensatory economic damages and pre-judgment interest thereon, with interest at 4.75% a year; and (iii) $140,189,001.00, representing punitive damages, with interest at 4.75% a year. *See* ECF No. 1-2.

During the state court damages trial in 2014, Plaintiff relied on an expert, a University of Miami professor, Dr. Bruce Michael Bagley, to identify names of the individuals and entities allegedly acting as agents or instrumentalities of the FARC and/or the NDVC. Notably, PDVSA *was not* on the list of alleged agents and instrumentalities of the FARC and/or NDVC.[2] For years, Plaintiff utilized writs of garnishment to execute on this judgment against these alleged agents or instrumentalities.

On December 19, 2018, Plaintiff filed another action, *Caballero v. Fuerzas Armadas Revolucionarias De Columbia, et al.*, CA. No. 1:18-cv-25337, this time in the United States District Court for the Southern District of Florida against the FARC and the NDVC

---

[2] In June 2020, Dr. Bagley pled guilty to two counts of federal money laundering charges; Dr. Bagley used bank accounts in his name and in the name of a company he created in Florida to launder over $2 million in proceeds of a Venezuelan bribery and corruption scheme into the United States.

3

(collectively "Defendants"), under the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333. Plaintiff again purported to effectuate service of process on Defendants through individuals imprisoned in the United States. After Defendants failed to appear, on May 20, 2020, the federal district court entered a final default judgment and awarded Plaintiff $45,000,000 in actual compensatory non-economic damages; $1,729,667 in actual compensatory economic damages; and post-judgment interest at 0.15% per annum.  *See* 2020 FL Fed. Court Judgment, ECF No. 1-5.

Shortly after receiving the federal court judgment, in July 2020, Plaintiff filed a post-judgment *ex parte* motion in the Southern District of Florida action, which the court granted, for a determination that certain individuals are agents or instrumentalities of the FARC. *See* Ex Parte Mot. for Det. & Writ & Ex.1, *Caballero v. Fuerzas Armadas Revolucionarias De Columbia, et al.*, CA. No. 1:18-cv-25337 (S.D.Fl. July 16, 2020), ECF No. 73, 73-1. Since Plaintiff's previous expert from the state court action, Dr. Bagley, had pled guilty to federal money laundering charges, Plaintiff relied on a new expert, John Robert McBrien, former associate director for global targeting in the Office of Foreign Assets Control ("OFAC") within the United States Department of Treasury. Mr. McBrien's declaration identifying names of the individuals and entities allegedly acting as agents or instrumentalities of the FARC *did not* include PDVSA. Id., ECF 73, & 73-2.  This is true even though almost a year prior to Mr. McBrien's July 2020 declaration, Dr. Bagley had identified PDVSA as an agent or instrumentality of FARC, *infra*.

2. **Plaintiff's collection efforts against purported blocked assets of PDVSA.**

In April 2019, after five years of collection efforts to execute Plaintiff's Florida state court judgment against what Plaintiff has alleged to be agents or instrumentalities of the

4

FARC, Plaintiff filed a motion in the Florida state court action, asking the Florida state court to suddenly declare PDVSA "an agency and instrumentality of FARC." Plaintiff's motion relied *exclusively* on a new declaration from his expert at the 2014 damages trial, Dr. Bagley. In this new declaration, unlike in 2014, Dr. Bagley claimed that PDVSA is an agent or instrumentality of the FARC.

Plaintiff never served PDVSA with its Florida state court motion; but PDVSA became aware of Plaintiff's filing, reached out to Plaintiff's counsel, and filed a motion to intervene in the Florida state court action. Plaintiff thereafter discontinued his pursuit of collection efforts in the Florida court, as a result, there was never a hearing on PDVSA's motion to intervene. After that, Plaintiff's expert Dr. Bagley was indicted and pled guilty to money laundering and PDVSA's counsel never heard from Plaintiff's counsel again regarding any attempts by Plaintiff to have PDVSA declared an agency or instrumentality of the FARC.

Unbeknownst to PDVSA, however, Plaintiff continued its underhanded tactics. Without any notice to PDVSA or its counsel, Plaintiff began to file his May 2020 federal court judgment in state and federal courts around the country.[3] PDVSA only recently become aware that Plaintiff has filed numerous *ex parte* motions seeking the same relief that Plaintiff had abandoned in the Florida state court in 2019—to find that PDVSA is an agent or instrumentality of the FARC. Plaintiff's counsel is well aware that PDVSA had

---

[3] In addition to the proceeding in this Court, PDVSA recently became aware of similar proceedings in Western District of New York and Connecticut, and PDVSA is taking appropriate steps in these courts to protect its interests. The Western District of New York granted PDVSA's motion to intervene in such proceeding. *See* Order, *Caballero v. Revolutionary Armed Forces of Colombia et al.*, Case No. 1:20-mc-00040-LJV, Feb. 2, 2021 (W.D.N.Y.), Dkt. No. 39.

counsel representing PDVSA's interests with respect to Plaintiff's collection efforts, yet Plaintiff has utilized TRIA's *ex parte* procedures to purposely hide Plaintiff's efforts from PDVSA.

### 3. **Plaintiff's collection efforts in this Court, the South Carolina District Court.**

In July 2020, Plaintiff registered his Florida federal court judgment under the Uniform Enforcement of Judgments Act ("UEFJA"), S.C. Code Ann. § 15-35-920, in the Court of Common Pleas for Richland County, South Carolina, captioned as *Antonio Caballero v. Revolutionary Armed Forces of Colombia et al.*, Case No. 2020-CP-40-03495. Counsel for PDVSA was not served a copy of this notice. Thereafter, on November 10, 2020, Plaintiff filed a Motion for Agent or Instrumentality Determination and Issuance of Writs of Garnishment seeking the Court declare PDVSA an agent or instrumentality of Defendant FARC and for issuance of writs of garnishment to attach any assets within this Court's jurisdiction in the putative names of, or for the benefit of, or that were blocked due to their association with, PDVSA. *See* ECF No. 1-7. Again, Plaintiff did not serve PDVSA with a copy of this Motion.

On November 23, 2020, the Honorable Alison Renee Lee granted Plaintiff's Motion. The Court found that Plaintiff established PDVSA is an agent or instrumentality of FARC and that its assets are "blocked assets and executable under TRIA towards satisfaction of the ATA Final Judgment." *See* ECF 1-8, ¶¶ 3-4. Such findings were necessarily based exclusively on the only support provided by Plaintiff - the declarations of Mr. McBrien. PDVSA was unable to challenge the reliability of such evidence because it was not provided with notice of the motion or an opportunity to be heard on the matter.

On December 3, 2020, Plaintiff's counsel served Bank of America with the Writ of Garnishment. *See* ECF No. 1, ¶ 7, ECF No. 1-6. Once again, Plaintiff's counsel did not serve PDVSA's counsel with the writ. Instead, PDVSA learned from a third party of Plaintiff's attempt

6

to seize assets absent notice to PDVSA. Subsequently, on December 29, 2020, counsel for Bank of American removed the action to this Court. *See* ECF No. 1.

## ARGUMENT

1. **Legal standard for intervention.**

Federal Rule of Civil Procedure 24(a)(2) provides that, upon the timely filing of a motion, a court must permit anyone to intervene who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests, unless existing parties adequately represent that interest.

In order to intervene as a matter of right under Rule 24(a)(2), the moving party must: (1) timely file an application, (2) show an interest in the subject matter of the underlying action, (3) demonstrate that denial of the motion to intervene would impair the movant's ability to protects its interest, the interest may be impaired by the disposition of the action, (4) show that the interest is not protected adequately by the parties to the action. *See Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). "Liberal intervention is desirable to dispose of as much of a controversy 'involving as many apparently concerned persons as is compatible with efficiency and due process.'" *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)).

2. **PDVSA meets the requirements to intervene pursuant to Rule 24.**

PDVSA satisfies all of Rule 24(a)(2)'s requirements and should be permitted to intervene.[4]

---

[4] Alternatively, the Court can also allow PDVSA to intervene pursuant to Rule 24(b)(2). A court considers substantially the same factors whether the claim for intervention is "of right" under Rule 24(a)(2), or "permissive" under Rule 24(b)(2). *See R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006) (citing *In re Bank of N. Y.*, 320 F.3d at 300 n. 5).

      a. <u>PDVSA's motion is timely</u>.

In determining whether a movant's intervention is timely, a court must consider, "first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014) (citing *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989).

The South Carolina State Court made the determination that PDVSA was an agent and instrumentality of FARC on November 23, 2020. [ECF No. 1-8]. The Writ of Garnishment to Bank of America was served on Bank of America on December 3, 2020. [ECF No. 7]. Since service of the Writ, the matter was removed to this Court and Bank of America filed an Answer. *Id.* No other events have occurred.

Moreover, Plaintiff will not be prejudiced if PDVSA's motion to intervene is granted. The assets at Bank of America that Plaintiff seeks to execute on are currently blocked by OFAC, and therefore, there is no risk that the assets will be dissipated while PDVSA is permitted to intervene. Plaintiff cannot argue that it will be prejudiced by intervention because intervention does not affect the underlying default judgment against the FARC defendant. In contrast, PDVSA will be severely prejudiced if it is not permitted to intervene in this action. Intervention will allow for due process and provide PDVSA an opportunity to be heard on its jurisdictional objections and, if necessary, to rebut Plaintiff's assertions of agency and instrumentality. In this regard, Plaintiff is not "prejudiced" because PDVSA is merely being provided the process that is due. *See Stansell*, 771 F.3d at 727 (holding that non-party judgment debtor "[was] entitled to the basic constitutional protection of due process…[and] entitled to be heard on their challenge to the agency and instrumentality issue.'")

Additionally, requiring Plaintiff to prove his allegations adheres to the Fourth Circuit's strong preference for resolving matters on the merits. *See, e.g.*, *Choice Hotels Int'l v. Goodwin & Boone*, 11 F.3d 469, 472 (4th Cir. 1993)). Thus, granting PDVSA's motion affords it an opportunity to contest Plaintiff's alleged proof and fulfills the Court's obligation to ensure that matters are decided on the merits and not based on self-serving untested assertions.

Finally, PDVSA was not named as a defendant in either the Florida state or federal action and is not alleged to have any connection to the underlying facts giving rise to the judgments against Defendants. PDVSA was also not named as a party in Plaintiff's instant action that originated in South Carolina State Court wherein Plaintiff sought and obtained a ruling PDVSA is an agent or instrumentality of FARC and now has served Bank of America with a Writ of Garnishment seeking to attach "all assets in the putative name of, held for the benefit of, or that were blocked due to an association with [PDVSA]." [ECF No. 1-6]. Indeed, despite having known since 2019 that PDVSA's counsel represents PDVSA's interest in Plaintiff's collection efforts, Plaintiff's counsel never provided notice to PDVSA's counsel. Nevertheless, PDVSA recently became aware of Plaintiff's efforts in South Carolina from a third party and has since expeditiously worked to file the instant motion to intervene.

    b. <u>PDVSA's Motion must be granted to protect PDVSA's interest and to satisfy Due Process requirements.</u>

"While Rule 24(a) does not specify the nature of the interest required for a party to intervene as a matter of right, the Supreme Court has recognized that '[w]hat is obviously meant ... is a significantly protectable interest.'" *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991) (quoting *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971)). There can be no dispute that PDVSA has an interest in the present matter, and that denial

of PDVSA's motion would deprive PDVSA of the opportunity to challenge Plaintiff's jurisdiction and baseless allegations that PDVSA is an agent or instrumentality of FARC. *See Stansell*, 771 F.3d at 727 ("Without notice and a fair hearing where both sides are permitted to present evidence, the third party never has an opportunity to dispute its classification as an agency or instrumentality.").

Plaintiff's Motion for Writ and this Court's November 23, 2020 Order granting that motion rely *exclusively* on Mr. McBrien's declarations asserting that PDVSA is an agent or instrumentality of the FARC. Having not been provided notice of this motion, PDVSA was unable to challenge the same and present evidence refuting the same. Nor was PDVSA afforded the opportunity to cross Mr. McBrien and point out that his declarations are based riddled with conclusions based on hearsay and speculation and fail to identify any reliable evidence that PDVSA is an "agency or instrumentality" of the FARC.

Plaintiff's failure to notify PDVSA of the Motion, despite counsel's knowledge that PDVSA had counsel with respect to such collection efforts, resulted in the desired outcome. Absent contest to his Motion, Plaintiff obtained an order finding that PDVSA is an agent or instrumentality of FARC and directing the South Carolina Clerk of Court "to issue such writs in aid of garnishment to attach to any assets within this Court's jurisdiction in the putative names of, held for the benefit of, or that were blocked due to their association with [PDVSA]." [ECF 1-8 at 8, ¶ 6]. Plaintiff has already begun its collection efforts based on this finding and seeks "any assets [held] in the putative name of, held for the benefit of, or that were blocked due to an association with [PDVSA]" from Bank of America. [ECF1-6]. Bank of America has answered the writ identifying which assets it holds in which PDVSA may have an interest.

In addition to the due process problem clearly present in permitting the execution of the Writ prior to providing PDVSA an opportunity to be heard on the agent or instrumentality issue, Plaintiff is seeking the garnishment of assets from companies that it merely alleges are held for the benefit of PDVSA. This is especially concerning when these companies are not listed as an agent or instrumentality of FARC in the November 23, 2020 Order, and there has been no evidentiary hearing establishing the merit of Plaintiff's claim. Neither these companies, nor PDVSA, have been afforded an opportunity to present evidence on this issue as well. Recognizing such interests, Bank of America highlighted this issue in its Answer. [ECF No. 1-7 at 6]. Moreover, to establish TRIA subject matter jurisdiction, Plaintiff must prove that the assets subject to the Writ of Garnishment are in fact assets owned by PDVSA.

Finally, the consequences of the November 23, 2020 Order are far-reaching. Plaintiff will undoubtedly use this finding to support Plaintiff's attempts to collect against PDVSA assets in other jurisdictions as well. Furthermore, such a finding can be used by any Plaintiff in future actions against FARC seeking enforcement of a judgment under TRIA. Accordingly, this Motion is a critical first step in allowing PDVSA to fully pursue its due process rights and to seek any and all post-judgment and appellate relief that may be available.

c. <u>PDVSA's interest is not adequately protected by parties to the action</u>.

No current party to the action can adequately protect PDVSA's interests. In determining the question of adequacy of representation, Courts in the Fourth Circuit presume that "'[w]hen the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented,' which can only be rebutted by a showing of 'adversity of interest, collusion, or nonfeasance.'" *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013) (quoting *Virginia v. Westinghouse Elec. Corp.,* 542 F.2d 214, 216 (4th Cir.1976)). In the

present matter, the only other party to the present action would be Bank of America. As a non-party garnishee, Bank of America provided its own answer and objections to Plaintiff's writ; however, it does not have standing nor an interest in challenging the writ to protect PDVSA's interests, including to dispute the Court's jurisdiction and Judge Lee's substantive finding of "agency or instrumentality." Thus, because PDVSA's "ultimate objective" differs substantially from that of Bank of America, PDVSA's position is not adequately protected by the parties already involved.

## CONCLUSION

Due process requires that PDVSA be provided an opportunity to challenge the Court's November 23, 2020 Order. Accordingly, because PDVSA satisfies the elements of Rule 24(a)(2), F.R.Civ.P, PDVSA respectfully requests that the Court grant PDVSA's limited motion to intervene.

By: *s/ James M. Griffin*
James M. Griffin, Fed ID 1053
Margaret N. Fox, FED ID 10576
GRIFFIN | DAVIS
4408 Forest Drive, Suite 300
P.O. Box 999 (29202)
Columbia, S.C. 29206
jgriffin@griffindavislaw.com
mfox@griffindavislaw.com

February 5, 2021